UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MAYEA ANEIRO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX,<br>Respondent. | Case No. 1:26-cv-06252 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Manuel Mayea Aneiro filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 7. For the reasons that follow, the Court GRANTS the petition in part.

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States on or around June 13 1991, was paroled into the United States, and was granted legal permanent resident status on August 31, 1993. Dkt. No. 9-1 at 2; Dkt. No. 9-5 at 1.

Sometime in May 2023 Petitioner was arrested by ICE outside his residence following several domestic violence convictions. Dkt. No. 9-1 at 2; *see* Dkt. No. 9-2 (criminal RAP sheet); Dkt. No. 9-5 at 4. The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings as a result of his convictions, serving him with a Notice to Appear charging him as subject to deportation under INA § 237(a)(2)(E)(i). Dkt. No. 9-5 at 1. ICE then released Petitioner on his own recognizance. Dkt. No. 9-1 at 2.

Petitioner has had several encounters with law enforcement since his release by ICE in 2023. *See* Dkt. No. 9-2 at 28–38. Most recently, it appears he was arrested and convicted for

assault and battery. *Id*. at 31–33. He was re-detained by ICE on February 12, 2026 following his release from Highlands County Jail in Florida. *Id*. at 32; Dkt. No. 9-1 at 2.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Casimir v. Chestnut*, No. 1:26-CV-06320 (VC), 2026 WL 2516709 (E.D. Cal. Aug. 25, 2026; *Bastidas Mendoza v. Albarran*, No. 25-CV-08205-VC, 2026 WL 1841025 (N.D. Cal. June 26, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his prior release on recognizance. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low while the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an opposition to the petition, arguing that Petitioner's detention is lawful under 8 U.S.C. § 1226(a), entitling him to a bond hearing. Dkt. No. 9 at 1. Indeed, it appears Petitioner had a bond hearing on May 21, 2026, but no action was taken. *See* Dkt. No. 9-4 at 1. Respondents have otherwise offered little to rebut Petitioner's due process claim. Though § 1226(a) is the applicable detention scheme here, as Petitioner was previously released on his own recognizance, he "has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-1566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

The Court finds that a post-deprivation hearing, rather than a pre-deprivation hearing, is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his recent convictions. The relevant question, however, is whether his convictions constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was

formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *Delgado-Garay v. Warden of California City Immigr. Processing Ctr.*, No. 1:26-CV-03515-JLT-FJS, 2026 WL 1758505, at *2 (E.D. Cal. June 18, 2026) (ordering post-deprivation hearing for petitioner recently charged with a DUI).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED. Respondents are ORDERED to provide Petitioner with a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 17, 2026

VINCE CHHABRIA
United States District Judge